UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-24290-SCOLA
MAGISTRATE JUDGE P.A. WHITE

BOBBY JONES,                           :

    Petitioner,                        :
                                                                       REPORT OF
v.                                         MAGISTRATE JUDGE

JULIE L. JONES, et al.,                :

    Defendants.
_____:

## I. Introduction

Petitioner, Bobby Jones, a prisoner confined in the South Bay Correctional Facility, filed this *pro se* complaint pursuant to 28 U.S.C. §2254 attacking his conviction and sentence for burglary of a dwelling and grand theft in case no. F-01-015137, entered in the Eleventh Judicial Circuit Court for Miami-Dade County following a jury trial.[1] (DE#1).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and

---

[1] The online trial docket can be found at the following web address: https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx. The online trial docket and certain documents contained therein are now a permanent part of the instant record. References to documents extracted from the online trial docket use the following citation: "OTD#___." This citation corresponds to the docket entry number on the online trial docket.

Copies of the state court criminal and appellate dockets can be found online. See Fed.R.Evid. 201; see also, United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts). The court also takes judicial notice of its own records in habeas proceedings, McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994), Allen v. Newsome, 795 F.2d 934, 938 (11th Cir. 1986), together with the state records, which can be found online. See Fed.R.Evid. 201; see also, United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts).

Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has for its consideration the petition (DE#1), relevant documents of the underlying criminal case, and the documents in case nos. 07-cv-22367-Ungaro and 16-cv-22332-Martinez pursued in this Court and any respective appeals thereafter. No order to show cause has been issued because, on the face of the petition, it is evident Petitioner is entitled to no relief.

## II. Claims

Construing the arguments liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), Petitioner raises the following grounds for relief:

1. Ineffective assistance of trial counsel for failure to object where Petitioner was convicted by a five person jury verdict without obtaining a waiver of his right to a six-person, unanimous decision. (DE#1:4). Petitioner also raises a similar claim as Ground 4, that he did not receive a fair trial because he was found guilty by a jury of five and not six persons; however, these two claims are sufficiently related to combine here. (Id. at 7).

2. Ineffective assistance of trial counsel for failure to present an expert witness for the defense to rebut the State's fingerprint analyst. (Id. at 5).

3. Ineffective assistance of trial counsel for failure to adequately prepare for trial as evidenced by not discussing the defense he intended to present and failed to review the questions the State might ask. (Id. at 6).

2

Petitioner asks this Court to vacate his conviction and sentence, to grant him a new trial, and any other relief to which he might be entitled. (DE#1:10).

### III. **Relevant Procedural History**

This is the third time Petitioner challenges this conviction in this Court. On or about, **September 11, 2007,** Petitioner first challenged this conviction and sentence in this Court by way of a habeas petition, filed under 28 U.S.C. § 2254, in case no. 07-cv-22367-Ungaro. (See DE#1 within the respective case). Therein, Petitioner raised three grounds: (1) ineffective assistance of counsel for failure to rebut the evidence provided by the state's fingerprint technician with testimony from a defense expert (identical to Claim 2 raised in the instant petition); (2) the State improperly withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1983); and (3) ineffective assistance of appellate counsel for failure to challenge the sufficiency of the evidence and, instead, raised a frivolous issue (that the burglaries were non-violent and could not be used to sentence him as a violent career criminal). This Court denied all of Petitioner's claims on the merits. (See 07-cv-22367, Supplemental Report and Recommendation at DE#26 and Order Affirming the Magistrate Judge's Report at DE#30). Petitioner appealed to the Eleventh Circuit in case no. 09-13729 but, on **February 17, 2010**, the case was dismissed when the appellate court denied Petitioner's motion for a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. (07-cv-22367, DE#44).

Thereafter, Petitioner made a plethora of additional post-conviction filings in state court, none of which were successful. (See online trial docket). Nearly six years after the Eleventh

3

Circuit denied his appeal of his first § 2254 motion, Petitioner filed a *second* 2254 petition in this Court in case no. 16-cv-22332-Martinez. On **July 24, 2017,** this Court again denied habeas relief because the second petition was successive. Accordingly, this Court was without jurisdiction to review the second petition without authorization from the Eleventh Circuit Court of Appeals. (See 16-cv-22332, Report of Magistrate Judge at DE#13 and Order Adopting Magistrate Judge White's Report and Recommendation at DE#19).

Shortly thereafter, Petitioner returned again to the state court in a continued attempt to challenge his conviction and sentence. On or about **September 19, 2017**[2], he filed a motion to correct sentence pursuant to Rule 3.800. (See OTD#297). Therein, he alleged that he could not legally be designated as both a Habitual Violent Offender and as a Violent Career Criminal.[3] (DE#7:9). On **October 25, 2017,** the court "denied" Petitioner's motion because despite Petitioner's contentions, he "is incorrect." (OTD#304). The order explained that although the State had met its burden in proving that [Petitioner] qualified as ...both a Violent Career Criminal and a Habitual Violent Offender...[he] was sentenced as a Violent Career Criminal" only. (OTD#304; DE#7-1:1). The state court attached the relevant portions of the sentencing hearing transcript as evidence of the fact. (Id. at 3-7). Since the initial judgement documents contained the scrivener's error of both designations, the

---

[2]The date used is that indicated on the online trial docket. However, according to the prison mailbox rule, Petitioner submitted this motion on August 29, 2018. This is of no consequence, however, since timeliness is not an issue. Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see also Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(setting forth the "prison mailbox rule").

[3]Although Petitioner's motion is not available online at the respective docket entry number, it is attached to the court's order denying relief located at OTD#304. OTD#304 is a permanent part of the instant record and is located herein at DE#7-1.

4

Court issued an order correcting the sentence to designate Petitioner as a violent career criminal only, dated **October 25, 2017, *nunc pro tunc* August 19, 2002.** (OTD#305; DE#7-2).

On November 17, 2017, Petitioner filed a motion for rehearing and raised the claim again. (See OTD#306).[4] On January 3, 2018, the state court again denied relief. (OTD#311). On July 20, 2018, Petitioner filed another 3.800 motion asking to clarify or correct the judgment acknowledging that his prior motion was denied and the sentence was corrected to comply with an oral pronouncement consisted of a new judgment.[5] (See OTD#312, 313). He asked the court for receipt of his new judgment. On August 14, 2018, the court granted the motion to the extent that it would forward "any change in the original Judgment or Sentence" to the Department of Corrections. (OTD#321; DE#7-4). *In this last order, the Court did not pronounce any new judgment nor did it issue any further corrections to Petitioner's sentence or judgment.*

Plaintiff then came to this Court again seeking relief and asserting that the state court's ruling on August 14, 2018, constitutes a new judgment that restarts a new statute of limitations under AEDPA. He claims that his request to correct his judgment was granted on August 29, 2018, which is undoubtedly a reference to the Court's order issued as OTD#321. Petitioner

---

[4]The date used is that indicated on the online trial docket. However, according to the prison mailbox rule, Petitioner submitted this motion on November 14, 2018. This is of no consequence, however, since the petition is successive. Although Petitioner's motion is not available online at the respective docket entry number, it is attached to the court's order denying relief located at OTD#311. OTD#311 is a permanent part of the instant record and is located herein at DE#7-3.

[5]The date used that indicated on the online trial docket. However, according to the prison mailbox rule, Petitioner submitted this motion on July 2, 2018. Although Petitioner's motion is not available online at the respective docket entry number, it is attached to the order granting Petitioner's Motion to Clarify. (OTD#321).

5

incorrectly claims that the court made the ruling pursuant to the 2014 case <u>Insignares v. Fla. Dept. Of Corr</u>. Petitioner claims that <u>Insignares</u> stands for the proposition that if the inmate's sentence is changed in any way reducing the time he is required to serve, then a new one-year period to file a § 2254 is granted. No order to show cause has been issued because, on the face of the petition, it is evident Petitioner is entitled to no relief since his petition is successive without authorization by the Eleventh Circuit Court of Appeals.[6]

## IV. **Discussion**

On April 24, 1996, the habeas corpus statutes were amended. Included in the amendments is a change in 28 U.S.C. § 2244, which provides in pertinent part:

---

[6]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added). Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.*

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added). A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." <u>Kiser v. Johnson</u>, 163 F.3d 326, 328 (5th Cir. 1999). <u>See</u> <u>also</u> <u>Bundy v. Wainwright</u>, 808 F.2d 1410, 1414-15 (11th Cir. 1987)(stating that court entertaining application for writ of habeas corpus may either grant the writ, or issue order directing respondent to show cause why it should not be granted, or it may summarily dismiss petition for facial insufficiency).

6

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

(emphasis added).

When liberally construing Petitioner's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the proper vehicle for Petitioner's claims is a habeas petition in order to raise constitutional claims that may affect the fact or duration of his criminal confinement. "The essence of habeas corpus is an attack by

a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).

Petitioner is attempting to circumvent the restrictions on second or successive habeas petitions. Here, as indicated above, the instant petition is a successive habeas petition with regard to the challenge to the subject conviction. Since Petitioner has failed to apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. § 2244(b)(3)(A), the petition must be dismissed in that this Court lacks jurisdiction to review on the merits any challenges to the conviction until the Eleventh Circuit grants Petitioner permission to file a second or successive petition. See Burton v. Stewart, 549 U.S. 147 (2007)("neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007); 28 U.S.C. § 2244(b)(1). See generally Magwood v. Patterson, 561 U.S. 320 (2010)(noting that the AEDPA's bar on second and successive habeas corpus applications applies only to a second or successive application challenging the same state court judgment).

Moreover, because it is clear from review of the record in this case, as well as the earlier habeas corpus proceedings, that this successive petition is time-barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1)-(2) with regard to the challenges now raised, it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. § 1631 case would be appropriate. See Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999).

8

Similarly, authorization from the court of appeals is required even where a petitioner makes claims of actual innocence, although it is not clear that Petitioner is making such a claim. See Williams v. Chatman, 510 F.3d 1290, 1294 (11th Cir. 2007)(stating that before a district court can accept a successive habeas petition, the Court of Appeals must determine that it presents a claim not previously raised that is sufficient to meet AEDPA's new-rule or actual-innocence provisions); Jeremiah v. Terry, 322 Fed. App'x. 842, 844-45 (11th Cir. 2009)(holding that habeas petitioner required to seek permission from appellate court to file successive habeas corpus petition raising claim that newly discovered evidence established his actual innocence); Hanner v. Secretary, Dept. of Corrections, 2012 WL 3070999, *2 (M.D.Fla. 2012)(stating, "[e]ven if Hanner could pass through the actual innocence gateway, Hanner is precluded from pursuing a second or successive petition without permission from the Eleventh Circuit Court of Appeals."). Petitioner's first petition was denied on the merits rendering the instant petition successive.

However, that does not end the analysis. Where a defendant is resentenced, the corrected sentence constitutes a new judgment for purposes of the Antiterrorism and Effective Death Penalty Act of 1996[7] ("AEDPA"). See Ferreira v. Secretary, Dept. of Corrections,

---

[7]The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), sets forth a limitations period for state prisoners filing habeas petitions. According to the statute, a one-year period of limitations applies "to an application for a writ of habeas corpus," and it runs "from the latest of":

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(continued...)

494 F.3d 1286 (11th Cir. 2007); Magwood v. Patterson, 561 U.S. 320, 341 (2010) ("where...there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive").

In Magwood, a new judgment was created when the state court resentenced the petitioner but left his underlying conviction intact. Id. at 330-31. The Supreme Court held that the petition, which challenged the sentence that was imposed at the resentencing, was not successive. Id. In Ferreira, the Eleventh Circuit explained there is one judgment, comprised of both the sentence and conviction. Id. at 1292. "[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention."); cf. Deal v. United States, 508 U.S. 129, 132 (1993) ("A judgment of conviction includes both the adjudication of guilt and the sentence."). Applying that rule, "...AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving become final." Ferreira, 494 F.3d at 1288. The limitations provisions of AEDPA "are specifically focused on the judgment which holds the petitioner in confinement" and resentencing results in a new judgment that restarts the statute of limitations. Id. at 1292-93. Where there was a new judgment, the Eleventh Circuit saw no reason to differentiate between a claim challenging a conviction and one challenging the sentence. Subsequently, in Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273 (11th Cir. 2014), the

---

(...continued)
- © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.28 U.S.C. § 2244(d)(1)(A)–(D).

Eleventh Circuit answered a question left open by Magwood by holding that a petitioner may challenge his or her undisturbed conviction after the state imposed only a new sentence. Id. at 1280-81. Insignares provides that a habeas petition is not second or successive when it is the first to challenge a new judgment, regardless of whether the petition challenges the sentence or the underlying conviction. Id. Still, "the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple-trigger date case." Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) cert. den'd. by Zack v. Crews, 134 S. Ct. 156 (2013).[8] It bears noting, that Petitioner does not challenge the "new sentence" at all.

Of course, there are still certain limitations: "not all post-judgment changes or corrections to a sentence result in a new "judgment" for purposes of § 2244(d)(1)(A). Cf., e.g., Murphy v. United States, 634 F.3d 1303, 1309-14 (11th Cir. 2011) (holding, as to the AEDPA statute of limitations for a federal prisoner's motion to vacate in 28 U.S.C. § 2255(f), that a Fed. R. Civ. P. 35(b) sentence reduction did not change the date when the prisoner's conviction became final because a Rule 35(b) reduction does not affect the finality of the judgment of conviction and does not constitute a resentencing in which an old sentence is invalidated and replaced with a new one)." Thompson v. Fla. Dep't of Corr., 606 Fed. App'x. 495, n. 8 (11th Cir. 2015).

It is important to note that the federal limitations period runs from the date the conviction and sentence becomes final. Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007). Final judgment in a criminal case means sentence; the sentence is the judgment. Burton v. Stewart, 549 U.S. 147 (2007). When an

---

[8] Zack did not involve resentencing or a new judgment but rather concerned the raising of untimely claims by attaching them to the coattails of a new claim that is timely. Zack does not overrule Ferreira.

11

original sentence is expressly vacated, the judgment becomes final when the new sentence becomes final. See Thompson v. Fla. Dep't of Corr., 606 Fed. App'x. 495 (11th Cir. 2015) (unpublished) following Ferreira where not only did the state delete the HFO designation from all of defendant's sentences, it reduced his sentence from 30 years to 15 years, made the sentences concurrent to each other but consecutive to the murder conviction, and vacated and set aside the prior sentence, thus, constituting a new judgment for the purpose of determining the timeliness of a federal habeas petition. See also Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273 (11th Cir. 2014) following Ferriera where the state reduced a 40-year sentence to a 27-year sentence and replaced a one-year sentence with a five-year suspended sentence, such re-sentencing constituted a new judgment. However, see Cox v. Fla. Dep't of Corr., 837 F.3d 1114 (11th Cir. 2016) cert. den'd by Cox v. Jones, 197 L.Ed. 2d 897, 2017 U.S. LEXIS 2825 (U.S., May 1, 2017) declining to find that a new judgment or sentence when the defendant was never sentenced on count 3, had never been held in custody pursuant to count 3, and the dismissal of count 3 did not affect the judgment pursuant to which he was being held in custody because the dismissal did not change the length or nature of confinement nor the defendant's conviction on which his confinement was based.

Other district courts in the Eleventh Circuit have declined to find Ferreira controlling where the original sentence has not been declared invalid and no genuine re-sentencing has taken place, for example, where the court modified consecutive life sentences to concurrent sentences (Charest v. Mitchum, 2013 U.S. Dist. LEXIS 161974*, 2013 WL 6036451 (S.D. Ala. S. Div., Nov. 14, 2013) relying on Campbell v. Sec'y for Dep't of Corr., 447 Fed. App'x. 25, 26-27 (11th Cir. 2011); and where the amended judgment and sentence amounts to a ministerial adjustment by deleting a civil lien (Scott v. Sec'y, 2010 U.S. Dist. LEXIS 113840*, 2010 WL 4116559 (M.D.

12

Fla., Oct. 18, 2010). Similarly, district courts in the Eleventh Circuit have determined that Ferreira does not apply in the context of a probation revocation. Derrick v. Alabama, 2016 U.S. Dist. LEXIS 85446 (N.D. Ala. S. Div., Feb. 25, 2016); Snell v. Jones, 2017 U.S. Dist. LEXIS 16404* (S.D. Fla., Feb. 3, 2017).

In our sister circuit, when a defendant was improperly convicted and sentenced on both a greater offense and the lesser-included offense (a double jeopardy claim) and the proper remedy was to vacate the conviction and sentence, when the re-sentencing left the conviction and sentence on the greater offense intact, the judgment was undisturbed; accordingly, it was not defined as a new sentence. In re Lampton, 667 F.3d 585 (5th Cir. 2012). (But see Johnson v. United States, 623 F.3d 41 (2nd Cir. 2010) finding the opposite, that such an amended sentence is a new judgment, in the context of successive habeas petitions).

In light of the above, determining whether a new sentence exists in the instant case depends on the effect of the state court's Order, namely, the order entered on October 25, 2017. (OTD#304). The Court held that Petitioner's assertion that he was illegally sentenced was "incorrect" because Petitioner was never sentenced as both a Violent Career Criminal and a Habitual Violent Offender based on the Court's oral pronouncement at sentencing. (OTD#304). The court acknowledged that the written judgment, however, contained a scrivener's error of both designations; and so, the court corrected the error. (OTD#305). This correction did not change the length or substance of Petitioner's sentence; in fact, the change essentially leaves the judgment undisturbed. Thus, this Order was "ministerial" in nature, reflecting the oral pronouncement at sentencing. See Booth v. Sec'y, Fla. Dep't of Corr., 729 Fed. App'x. 861, 862-63 (11th Cir. 2018)(unpublished) cert. filed June 1, 2018 (citing Patterson v. Sec'y, Fla. Dep't of

Corr's, 849 F.3d 1321, 1326-27 (11th Cir. 2017)(en banc) (finding that order did not qualify as new judgment because the court "never issued a new prison sentence ... to replace" the original sentence nor did it "issue a new judgment authorizing [his] confinement")).

Petitioner challenged the court's decision and made the same arguments in his motion for rehearing, which was again denied. (OTD#311). Finally, Petitioner filed a motion for clarification/correct sentence, which the court interpreted as a motion for clarification and issued an order granting Petitioner's request to provide notification to the Department of Corrections under a separate order of its earlier decision. (OTD#321). Petitioner attempts to use this latest order as evidence of the granting of a motion to correct an illegal sentence when it is not. No genuine resentencing has taken place; Petitioner's sentences remained unchanged. Petitioner is in custody on the judgments of convictions and sentences that became final in 2003 following his appeal. See Jones v. State, 853 So. 2d 565 (Fla. 3d DCA 2003). Therefore, the 2017 "Corrected Sentence," which did nothing more than correct a clerical or scrivener's error, did not restart AEDPA's one-year limitation period. See Mathews v. Sec'y, 2009 U.S. Dist. LEXIS 122625, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009)(change in written sentence to correct omission of oral pronouncement that Petitioner was sentenced as habitual felony offender did not restart AEDPA's one-year limitation period); see also, e.g., United States v. Greer, 79 Fed. App'x. 974 (9th Cir. 2003) (unpublished) (amended judgment which merely corrected a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing did not restart Section 2255's limitation period).

Accordingly, since, Plaintiff filed a habeas petition that was

resolved on the merits in S.D.Fla. 07-cv-22367, and appealed unsuccessfully, subsequent petitions seeking to vacate or correct his conviction and sentence are now successive. Because Plaintiff has not secured the necessary authorization from the Eleventh Circuit, this Court is without jurisdiction to consider his claims on the merits and is required to dismiss this instant petition. Any attempt by Petitioner to obtain review on the merits of his attack on his conviction is for the Eleventh Circuit Court of Appeals to decide. If Petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).

### V. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. Miller-El v. Cockrell, 537 U.S. 322, 366, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that this Court has no jurisdiction. As now provided by Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. foll. § 2254: "Before entering the final order, the court

may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

### VI. Recommendation

It is recommended that this petition for habeas corpus relief be DISMISSED for lack of jurisdiction for failure of Petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. § 2244(b)(3). Petitioner will be provided with a form to apply for such authorization with this Report.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 20th day of November, 2018.

UNITED STATES MAGISTRATE JUDGE

cc:  Bobby Jones
     180758
     South Bay Correctional Facility
     Inmate Mail/Parcels
     600 U S Highway 27 South
     South Bay, FL 33493-2233
     PRO SE

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com