United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bobby Jones, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 18-24290-Civ-Scola |
| | ) |
| Julie L. Jones and Pamela Jo Bondi, | ) |
| Respondents. | ) |

### **Order on Magistrate Judge's Report and Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On November 20, 2018, Judge White issued a report, recommending that the Court deny Petitioner Bobby Jones's petition for writ of habeas corpus and dismiss the case for lack of jurisdiction because Jones's habeas petition is second or successive and he failed to get permission from the Eleventh Circuit to file his petition pursuant to 28 U.S.C. § 2244. (Report, ECF No. 8.) Jones, proceeding pro se, filed an objection to the report. (Obj., ECF No. 13.) Accordingly, the Court reviews de novo the portions of Judge White's report to which Jones objects. *See* 28 U.S.C. 636(b)(1)(C).

Jones's main objection is that the state court entered a new judgment based on his motion to correct his sentence and his sentence was reduced from a 30-year sentence to a 25-year sentence. Jones cites to the Eleventh Circuit's opinion in *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273 (11th Cir. 2014), for support. The Court liberally construes Jones's argument to be an objection to Judge White's finding that no new judgment was entered by the state court and therefore Jones's petition is second or successive.

Upon review of Judge White's report and the relevant legal authorities, the Court agrees with Judge White's ultimate conclusion that this Court lacks jurisdiction to consider Jones's substantive arguments because his petition is second or successive. However, the Court finds it necessary to clarify its basis for this conclusion.

Jones does not dispute that he was convicted in state court for burglary of an unoccupied dwelling and grand theft in 2002. The state court sentenced Jones to 30 years' imprisonment for the burglary charge, and credit for time served for the grand-theft charge. (Sentencing Transcript, ECF No. 7-1 at 4.) Thereafter, Jones filed two habeas petitions in federal court. Judge Ursula Ungaro substantively denied Jones's first habeas petition in 2009, *see*

*Jones v. McNeil*, No. 07-22367-UU, ECF No. 30, and Judge Jose E. Martinez dismissed Jones's second habeas petition in July 2017 for lack of jurisdiction because Jones failed to obtain authorization from the Eleventh Circuit as required by 28 U.S.C. § 2244, *see Jones v. Jones*, No. 16-22332-JEM, ECF No. 19. The main question before the Court is whether Jones's current petition is second or successive.

The Eleventh Circuit has explained that "[w]hether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Fla. Dep't of Corrs.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (quoting *Insignares*, 755 F.3d at 1278). For purposes of § 2244, the relevant judgment is "the judgment authorizing the prisoner's confinement." *Id.* (quoting *Magwood v. Patterson*, 561 U.S. 320, 323 (2010)). Accordingly, a petitioner is generally barred from contesting the same judgment more than once. *See id.* However, "[a] petition is not second or successive if it challenges a 'new judgment' issued after the prisoner filed his first petition." *Id.* This "new judgment" must be a "judgment authorizing the prisoner's confinement." *Id.* (quoting *Magwood*, 561 U.S. at 322). If a "new judgment" is entered, the habeas petitioner must file his or her petition within one-year of the "new judgment." *See Insignares*, 755 F.3d at 1281 (recognizing that the statute of limitations runs from the date of the judgment pursuant to which the petitioner is in custody becomes final). Jones claims that his petition is timely because the state court granted his request to correct the judgment it entered at sentencing on August 29, 2018, so the applicable one-year statute of limitations period began to run from the date of that order.

The August 2018 state-court order Jones refers to is an order granting Jones's motion to "receive [his] new judgement [sic]" reflecting that he was sentenced only as a violent career criminal under Florida law rather than under any other sentencing provision as previously recognized by the state court in October 2017. The state court's order, which was signed on August 14, 2018 and filed on the docket on August 28, 2018, granted Jones's motion and states that "any change in the original Judgment or Sentence will be forwarded to the Department of Corrections under separate order." (Order, ECF No. 7-4.) Although Jones's motion to receive his new judgment also included a request that he be granted a judgment stating that he was illegally sentenced, the state court's order does not reflect that this request was considered. In fact, on October 25, 2017, the state court had previously *denied* Jones's motion to correct his sentence on the basis that it was illegal. (Order, ECF No. 7-1 at 1–2.) Despite this, the state court did recognize that its oral pronouncement that Jones was sentenced as a violent career criminal was not properly reflected in the record and directed the Clerk to "correct the Judgment

and Sentence to reflect the Court's oral pronouncement at sentencing." *Id.* An order correcting Jones's sentence was issued on October 25, 2017 and put on the docket on November 13, 2017. (Order, ECF No. 7-2.)

The August 2018 order appears to be merely an order granting Jones's request to "receive" the order correcting his sentence. The August 2018 order does not amend Jones's underlying sentence. Putting aside the fact that Jones only pointed the Court to the August 2018 order, the Court finds that none of the related orders constitute a "new judgment" for § 2244 purposes. None of the orders vacate, reduce, or replace Jones's original sentence. *See Patterson*, 849 F.3d at 1326–27 ("Here, the Florida trial court never issued a new prison sentence . . . to replace Patterson's 1998 sentence."); *Booth v. Sec'y, Fla. Dep't Corrs.*, 729 F. App'x 861, 862–63 (11th Cir. 2018) ("That order did not authorize Booth's confinement, nor did it vacate any of his sentences and replace them with new ones.") The state court did not conduct a resentencing and the state court's order denying Jones's motion to correct Jones's sentence specifically states that Jones was "sentenced as a Violent Career Criminal to thirty years in state prison with a 30 year minimum mandatory." (Order, ECF No. 7-1 at 1.) The order correcting Jones's sentence states only that the sentence entered in 2002 is corrected, *nunc pro tunc* to August 19, 2002, to reflect that Jones was sentenced as a violent career criminal rather than under any other or additional sentencing provision. (Order, ECF No. 7-2.) None of these orders have amended the Florida Department of Corrections's authorization to confine Jones. The state court merely corrected the record to reflect its intentions at sentencing.

As such, the change made to Jones's sentence is more akin to the clerical or ministerial corrections that the Eleventh Circuit and district courts have held do not restart the relevant statute of limitations period. *See Booth*, 729 F. App'x at 862–63 (holding that state court's order correcting the prisoner's record to reflect that his sentences ran concurrently rather than consecutively did not restart the limitations period); *Mathews v. Sec'y, Dep't of Corrs.*, No. 8:09-cv-57-T-30EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (finding that state court's order directing the Clerk to prepare a corrected sentence to indicate that the prisoner was sentenced as a habitual felony offender as orally pronounced was "merely clerical" so it did not restart the one-year limitations period). In the context of a second or successive petitions, the Eleventh Circuit has suggested that the correction of a clerical mistake would not be enough to entitle a habeas petitioner to another round of habeas review. *See Patterson,* 849 F.3d at 1326 ("[B]ecause an order that corrects a clerical error likely would not create a new judgment, a petitioner would not be entitled to a second round of habeas review."). Accordingly, the state court's

clarification of its basis for sentencing Jones to 30 years in prison did not prompt the issuance of a "new judgment."

As for Jones's contention that his sentence was reduced from a 30-year sentence to a 25-year sentence because of his motion to correct his sentence, *see* ECF No. 13, the Court's review of Jones's attached inmate notices, *see* ECF No. 13 at 10–11, indicates that Jones's sentence has been reduced in the form of gain-time for his above-satisfactory behavior while incarcerated. This reduction is unrelated to the state court's clarification of its basis for his imposed sentence.

Given that the state court has yet to enter a new judgment, Jones's current petition is second or successive. Therefore, Jones must obtain authorization from the Eleventh Circuit to proceed. Since there is no evidence in the record that Jones has obtained this authorization, the Court must dismiss his petition for lack of jurisdiction. *See Fugate v. Dep't of Corrs.*, 301 F.3d 1287, 1288 (11th Cir. 2002) ("The district court lacked jurisdiction to consider Fugate's claim because he had not applied to this court for permission to file a successive application.").

The Court therefore **affirms and adopts** Judge White's report (**ECF No. 8**) to the extent Judge White finds that this Court lacks jurisdiction to consider Jones's petition. The Court **dismisses** this case for lack of jurisdiction. The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on February 4, 2019.

_____
Robert N. Scola, Jr.
United States District Judge